**EUGENE D. ROTH, ESQUIRE - 4239**
**VALLEY PARK EAST**
**2520 HIGHWAY 35, SUITE 307**
**MANASQUAN, NEW JERSEY 08736**
**(732) 292-9288**
**ATTORNEY FOR DEBTOR**

| | |
|---|---|
| IN THE MATTER OF | : **UNITED STATES BANKRUPTCY COURT** |
| | : **FOR THE DISTRICT OF NEW JERSEY** |
| **FOUR THE BOYS II, LLC,** | :   **Case No.: 19-19708 (CMG)** |
| | : |
| | :        **CHAPTER 11** |
| **DEBTOR** | : |

# DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Debtor/Plan Proponent respectfully submits this Plan of Reorganization pursuant to Chapter 11, title 11 of the United States Code, in the form annexed hereto and made part hereof.

**Proponent: Four the Boys II, LLC**

/s/James J. Hopkins III
James J. Hopkins, III,
Managing Member of the Debtor

Dated: 09/10/2019

1

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ............................. .............. 2

II.   CLASSIFICATION AND TREATMENT OF CLAIMS ANDINTERESTS.... 2

      A.    General Overview ................................. 2
      B.    Definitions....................................... 3
      C.    Unclassified Claims ............................. 10
            1.    Administrative Expenses and Fees ........... 10
            2.    Priority Tax Claims ........................ 11
      D.    Classified Claims and Interests................. 12
            1.    Classes of Secured Claims.................. 13
            2.    Priority Non-Tax Claims.................... 16
            3.    Class of General Unsecured Claims.......... 16
            4.    Class(es) of Equity Interest Holders....... 17
      E.    Acceptance or Rejection of Plan................. 18
      F.    Means of Effectuating the Plan.................. 19
            1.    Funding for the Plan....................... 19
            2.    Post-Confirmation Management............... 19
            3.    Disbursing Agent........................... 19

III.  TREATMENT OF MISCELLANEOUS ITEMS....................... 19
      A.    Executory Contracts and Unexpired Leases.......... 19
            1.    Assumptions................................ 19
            2.    Rejections................................. 19
      B.    Changes in Rates Subject to Regulatory
            Commission Approval............................ 20
      C.    Retention of Jurisdiction...................... 20
      D.    Procedures for Resolving Contested Claims........ 21
      E.    Notices under the Plan......................... 21

IV.   EFFECT OF CONFIRMATION OF PLAN....................... 22
      A.    Discharge...................................... 22
      B.    Revesting of Property in the Debtor.............. 23
      C.    Modification of Plan........................... 23
      D.    Post-Confirmation Conversion/Dismissal.......... 24
      E.    Post-Confirmation Quarterly Fees............... 24

**I.**

**INTRODUCTION**

Four the Boys II, LLC ("FTB") is the Debtor in this Chapter 11 bankruptcy case. On May 13, 2019, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 Petition under the United States Bankruptcy Code ("Code"), 11 USC 101, et seq. This document is the Chapter 11 plan ("Plan") proposed by Four the Boys II, LLC ("Proponent"). Sent to you in the same envelope, as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey in Trenton (the "Court"), and which is provided to help you understand the Plan.

This is a Reorganization Plan. In other words, the Proponent seeks to reorganize its debt by making payments under the Plan. The Effective Date of the proposed Plan is the date on which the Order of Confirmation becomes final.

**II.**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

**A.   General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The

1

Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B.   **Definitions**

**<u>Scope of Definitions.</u>**   For the purpose of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.   **<u>Administrative Expense</u>** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property, or the rendering of services to the Debtor, all allowances of compensation and reimbursement of expenses, and any fees or charges assessed against the estate of the Debtor under Chapter

2

123, Title 28 of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.    **Allowed**, when used as an adjective, preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Equity Interest against such Debtor, or, if no Proof of Claim or Equity Interest is filed, which has been or hereinafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objections to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3.    **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the

3

Bankruptcy Code.

4.    **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.    **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and codified in Title 11 of the United States Code.

6.    **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 USC Section 158, the unit of such District Court constituted pursuant to 28 USC Section 151.

7.    **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8.    **Business Day** means and refers to any day except Saturday, Sunday and any other day on which commercial banks in New Jersey are authorized by law to close.

9.    **Chapter 11 Case** shall mean the case under Chapter 11 of the United States Bankruptcy Code in which Four the Boys II, LLC is the Debtor.

10.    **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated,

4

unliquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured or unsecured. All claims as such terms defined in Section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person that has a Claim against the

5

Debtor that arose on or before the Petition date or a Claim against the Debtor' estate of any kind specified in section 502(g), 502(h) or 502(I) of the Bankruptcy Code. This includes all persons, partnerships, corporations, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it Section 101(12) of the Code.

18. **Debtor** shall mean Four the Boys II, LLC

19. **Disbursing Agent** shall mean the principal and managing member of the Debtor, James J. Hopkins III, or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and the Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21. **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

22. **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23. **Equity Interest** shall mean any interest in the

6

Debtorrepresented by stock, warrants, options, or other rights to purchase any shares of stock of the Debtor.

24. **Final Order**, shall mean an order the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, amended, and not being stayed, at the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable or contractual rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or political subdivision thereof, or any other entity.

27. **Petition Date** shall mean the date being the date on which the Debtor filed Court this petition for relief commencing the Chapter 11 Case.

28. **Plan** shall mean the Plan of Reorganization in these Proceedings, together with any additional modifications and amendments.

7

29.  **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Section 507(a)(2), (3),(4),(5),(6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority payment under such subsection.

30.  **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31.  **Priority Tax Claim** shall mean any claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority payment under such subsection.

32.  **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33.  **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330 or 503(b) of the Bankruptcy Code.

34.  **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35.  **Proponent** means Four the Boys II, LLC.

36.  **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37.  **Secured Claim** means and refers to a Claim which is secured

8

by a valid lien, security interest, or other interest in
property in which the Debtor has an interest which has been
perfected properly as required by law, but only to the extent of
the value of the Debtor' interest in such property, determined
in accordance with Section 506(a) of   the Bankruptcy Code.

38.  **Unsecured Claim** shall mean any Claim against the Debtor
which arose or which is deemed by the Bankruptcy Code to have
arisen prior to the Petition Date for the Debtor and, and which
is not (i) a secured claim pursuant to Section 506 of the
Bankruptcy Code, as modified by Section 1111(b) of the
Bankruptcy Code, or (ii) a Claim entitled to priority under
Section 503 or Section 507 of the Bankruptcy Code. "Unsecured
Claim" shall include all Claims against the Debtor that are not
expressly otherwise addressed in the Plan.

39.  **Other Definitions**, a term used and not defined herein, but
that is defined in the Bankruptcy Code shall have the meaning
set forth therein.   The words "herein", "hereof" and "hereto",
"hereunder" and others of similar import refer to the Plan, as a
whole and not to any particular section, subsection or clause
contained in the Plan.   Moreover, some terms defined herein are
defined in the section in which they are used.

**C.   Unclassified Claims**

Certain types of claims are not placed into voting classes;

9

instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for  them in Bankruptcy Code. As such, the Proponent has placed the following claims in a class:  N/A

1.   **Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case. The Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's unpaid administrative fees and expenses ("Compensation"), an estimate of future professional fees and other administrative claims and fees and their treatment under the Plan:

| NAME | AMOUNT ESTIMATED | TREATMENT | TYPE OF CLAIM |
|---|---|---|---|
| Eugene D. Roth, Esq. | $25,000.00-35,000.000 | The approved fees will be paid outside of the Plan in accordance with an agreement between Debtor and Debtor's counsel. | Administrative Fees |

10

| Office of U.S. Trustee Fees | undetermined | Paid in full on Effective Date | Administrative Fees |
|---|---|---|---|
|  | **TOTAL** $25,000.00-35,000.00 |  |  |

## Court Approval of Professional Compensation and Expenses Required:

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

2.    **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receives the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from Order for Relief. The following chart lists all of the Debtor's

11

Section 507(a) (8) priority tax claims and their treatment under the Plan: N/A.

**D.   Classified Claims and Interests**

   **1.   Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following represent all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | Secured Claim of: U.S. Bank, N.A., secured by a first mortgage on the Debtor's Real Property located at 356 Bay Lane, Mantoloking, NJ 08738 | N | Y | The secured claim filed by U.S. Bank, N.A. in the amount of $1,682,524.78 shall be the subject of a Motion to Modify Claim, whereby the total amount of such claim as of the date of the Entry of the Order of Relief shall be reduced to $1,478,000.15. The arrears due on such claim of $710,145.24 shall be paid over a seventy-two (72) month period, in monthly payments of **$9,863.13** commencing the month subsequent to the Effective Date and the balance of the claim shall be |

| | | | | |
|---|---|---|---|---|
| | | | | paid in accordance with the Mortgage Note. |
| 2 | **Secured Claim of:** JGS Advisors, LLC, secured by a second mortgage on the Debtor's Real Estate located at 356 Bay Lane, Mantoloking, NJ 08738 | **N** | **Y** | The secured claim of JGS Advisors, LLC will be partially crammed down to $251,999.85 and shall be paid over a seventy-two (72) month period, in monthly payments of **$3,500.00** commencing the month subsequent to the Effective Date. The balance of $1,333,000.15 shall be reclassified and paid in accordance with Class 3 General Unsecured Claims. |

## 2.    Classes of Priority Unsecured Claims

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment.

The Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the

13

Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) priority unsecured claims and their treatment under this Plan: N/A

### 3.   Class of General Unsecured Claims

General Unsecured Claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of these Claims which are to be treated as follows:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|--------|-------------|----------------|-----------|
| 3 | General Unsecured Claims total amount of claims- $1,353,000.15 | Y | Payment in the amount of ($67,650.00) over a (84) month term in monthly payments of **$805.35** commencing with the month subsequent to the Effective Date. |

### 4.   Class(es) of Interest Holders

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor is interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies the Plan's treatment of the class

14

of interest holders:

| 4 | Four the Boys II, LLC | Y | Paid to the extent available after payment of all other creditor claims |
|---|---|---|---|

## E.   Acceptance or Rejection of Plan

Each impaired class of Creditors with claims against the Debtor' estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in the aggregate dollar amount and more than one half (1/2) in number of holders of the allowed Claims of such class that have accepted or rejected the Plan.  In the event that any impaired class of Creditors or Interest holders shall fail to accept the plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

## F.   Means of Effectuating the Plan

### 1.   Funding for the Plan

The Plan will be funded by contributions from the Debtor's principal.

### 2.   Post-Confirmation Management

The Debtor's management will continue post-confirmation.

15

3. **Disbursing Agent**

The principal and managing member of the Debtor, James J. Hopkins III ("Disbursing Agent") shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall not be compensated for such services.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

A. **Executory Contracts and Unexpired Leases**

1. **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan: N/A.

On the Effective Date, each of the unexpired leases and executory contracts listed above shall be assumed as obligations of the reorganized Debtor. The Order of the Court confirming the Plan shall constitute on Order approving the assumption of each lease and contract listed above. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

16

2.   **Rejection**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY (30) DAYS AFTER THE DATE OF REJECTION.** Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

B.   **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

C.   **Retention of Jurisdiction**

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by

17

the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of the Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

Notwithstanding the forgoing, or anything contained in the Plan to the contrary, the Court shall not retain jurisdiction with respect to tax claims except for (i) resolving the amount of any tax claims arising prior to Confirmation and (ii) enforcing the discharge provisions of the confirmed Plan. A failure by the reorganized Debtor to make a payment to holders of tax claims pursuant to the terms of the Plan shall be an event of default. If the reorganized Debtor fails to cure an event of default as to Plan payments on the tax claims within thirty (30) days after receipt of written notice of default from

18

a tax claimant, then the tax claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies such tax claimant may have under applicable non-bankruptcy law; and/or (c) seek such relief as may be appropriate from this Court.

D.   **Procedures for Resolving Contested Claims**

Objection to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order.  With respect to disputed claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor' schedules or the filed proof(s) of claim.

E.   **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

19

**Law Office of Eugene D. Roth**
**2520 Highway 35, Suite 307**
**Manasquan, New Jersey, 08736**

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

A.   **Discharge**

The Debtor shall not be discharged of liability for payment of debts incurred before confirmation of the Plan until all payments under the plan are completed, unless, after notice and hearing, the Court permits an earlier discharge pursuant to section 1141(d)(5)(B) of the Code. This Plan provides that upon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11 USC 1141. However, any liability imposed by the Plan will not be discharged. If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate. The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders,

20

regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

B.    **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor.

C.    **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement or re-voting on the Plan if Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

D.    **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant

21

to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

E.    **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 USC Section 1930(a)(6) continue to be payable to the office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

/s/James J. Hopkins III
James J. Hopkins, III,
Managing Member of the Debtor

Dated: 09/10/2019

22